FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTATE ADMINISTRATIVE
SERVICES, LLC, as Personal
Representative of the Estate of Linda May
Johnson,

            Plaintiff - Appellant,

 v.

CITY AND COUNTY OF HONOLULU,

            Defendant - Appellee.

No.    24-595

D.C. No.
1:23-cv-00127-LEK-RT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 14, 2025
Honolulu, Hawaii

Before:  S.R. THOMAS, BRESS, and DE ALBA, Circuit Judges.

    Estate Administrative Services, as personal representative of the estate of

Linda May Johnson, appeals the dismissal with prejudice of its first amended

complaint ("FAC") against the City and County of Honolulu ("City") and twenty-

---

    [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

five unnamed officers. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the history of the case, we need not recount it here.

I

The district court properly dismissed Estate Administrative Services' negligence claim. Under Hawai'i law, landowners do not have a duty to protect against criminal acts committed by a third party absent a "special relationship" between the landowner and the plaintiff. *See Maguire v. Hilton Hotels Corp.*, 899 P.2d 393, 395-98 (Haw. 1995). In its FAC, Estate Administrative Services did not specifically plead a special relationship. It proceeded only on a general premises negligence theory.

In addition, the facts as alleged in the FAC do not give rise to a cognizable "special relationship" theory. The FAC did not plausibly allege that, at the time of the attack, Johnson was a "business visitor" to whom the City owed a duty of protection against third parties on its premises. Johnson's status as an arrestee or recently released arrestee did not trigger this duty, because the City did not derive any "economic benefit" from her. *See Maguire*, 899 P.2d at 396 ("[t]he theory reflected in the 'business visitor' relationship . . . is that 'a landholder's duty of affirmative care, including the duty to protect, is imposed as the price the

2

landholder must pay for the economic benefit derived from visitors.'") (quoting *Doe v. Grosvenor Props. (Hawaii) Ltd.*, 829 P.2d 512, 516 n.1 (Haw. 1992)). Nor did the facts as alleged demonstrate any other "special relationship" that is recognized under Hawai'i law.

Further, as the district court properly pointed out, even if a duty had existed, Estate Administrative Services did not allege that any officer or representative of the City acted with malice, which is required under Hawai'i law. *Medeiros v. Kondo*, 522 P.2d 1269, 1272 (Haw. 1974).

## II

The district court also correctly found that Estate Administrative Services did not sufficiently allege a violation of the Fourteenth Amendment under the "state-created danger" doctrine by any individual officer or by the City through its arrest policies. 42 U.S.C. § 1983; *see Murguia v. Langdon*, 61 F.4th 1096, 1112 (9th Cir. 2023); *Sinclair v. City of Seattle*, 61 F.4th 674, 680 (9th Cir. 2023).

To establish a state-created danger claim, the plaintiff must show (1) "affirmative conduct on the part of the state in placing the plaintiff in danger," and (2) that the "state act[ed] with 'deliberate indifference' to a 'known or obvious danger.'" *Murguia*, 61 F.4th at 1111 (quoting *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011)). The FAC did not plausibly allege that any officer acted

with deliberate indifference, because it neither alleges that any officer knew that Johnson remained on the station premises approximately thirty hours after her release, nor that the release of any other arrestee would put her at any kind of risk, obvious or otherwise. *See id.* (plaintiff must show "that a municipal actor disregarded a known or obvious consequence of his action," *i.e.*, that defendant recognized an unreasonable risk, intended to expose the plaintiff to it, and actually did so) (quoting *Patel*, 648 F.3d at 974).

Deliberate indifference was also insufficiently alleged for the municipal liability claim. The FAC did not allege that any policymaker knew that the City's arrest policies could lead to bodily injury to released detainees like Johnson, or that any similar alleged constitutional violation previously happened to others because of the policies. *See Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) (noting that except "in rare instances," plaintiff must allege that multiple violations have occurred to show deliberate indifference by a municipality acting pursuant to an express policy); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1076, 1078 (9th Cir. 2016) (en banc) (plaintiff may show deliberate indifference by alleging that the municipality "had [actual or constructive] notice that [its] customs or policies" would cause constitutional violations).

4

III

In sum, the district court properly dismissed the complaint for failure to state a claim upon which relief could be granted.[1]

**AFFIRMED.**

---

[1] The district court granted Estate Administrative Services leave to amend. However, Estate Administrative Services did not tender a second amended complaint within the time specified, and the district court dismissed the complaint as a sanction pursuant to Federal Rule of Civil Procedure 41(b). As we have recently clarified, a dismissal under these circumstances under Rule 41(b) is not warranted when a party is "granted leave—not ordered—to amend its complaint." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). However, any error in this respect was harmless, as the court's dismissal based on the merits of the claims provides sufficient grounds to affirm. *See id.* at 892; 28 U.S.C. § 2111.